## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

MAHAMUD NOOR MKOMWA,     :

                  **CIVIL ACTION NO. 3:15-0317**

        **Petitioner**     :

                  **(Mannion, D.J.)**

    **v.**               :         **(Saporito, M.J.)**

WARDEN MARY SABOL, et al.,    :

        **Respondents**    :

## MEMORANDUM

## I.   BACKGROUND

On February 12, 2015, Petitioner, Mahamud Noor Mkomwa, a former detainee of the United States Immigration and Customs Enforcement ("ICE") Office, confined at the York County Prison ("YCP"), York County, Pennsylvania, filed the above captioned, counseled petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1).

Petitioner Mkomwa, who is a native and citizen of Somalia, received an order of removal from the Immigration Judge on May 2, 2014, and it became final on June 3, 2014, since no appeal was filed with the Board of Immigration Appeals. (Doc. 1-1, Doc. 5-2, at 21). In his instant petition, Mkomwa asserted that his continued detention by ICE at YCP without bond violated his due process rights pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001), and he

sought his supervised release from custody. The petition was fully briefed and ripe for disposition.

On April 6, 2015, Judge Saporito issued a Report and Recommendation ("R&R") and recommended that the habeas petition be denied insofar as it challenges Mkomwa's continued detention as unconstitutional under *Zadvydas*, and insofar as it raised due process claims. (Doc. 7). Judge Saporito also recommended that ICE be directed to schedule another custody review for Mkomwa within 30 days. No objections to the R&R have been filed. On May 7, 2015, Respondents filed a Notice of Removal indicating that ICE removed Petitioner from the United States on April 19, 2015. (Doc. 8).

## II.    STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing* United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (*citing* Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## III.   DISCUSSION

In preparing to dispose of the instant petition, this court initially checked the status of petitioner's detention through the ICE Online Detainee Locator System.[1] Searches for petitioner by his A–Number, and by his name, both returned results that he was "not in custody." Subsequently, Respondents filed a Notice of Removal indicating that ICE removed Petitioner from the

---

[1]See ICE Online Detainee Locator System, available at http:// locator.ice.gov/

United States on April 19, 2015, along with an exhibit showing that Petitioner was removed this day *via* Dulles International Airport. (Doc. 8-2). Respondents assert that the instant habeas petition should be denied as moot. Respondents cite to Lindaastuty v. Attorney General, 186 F. App'x 294, 298 (3d Cir.2006) ("because [the petitioner] has already been deported and is, therefore, no longer in custody, the challenge to [his] detention is moot and the habeas petition must be dismissed." *See also* Audain v. Decker, 2013 WL 5656128, *2 (M.D.Pa. Oct. 15, 2013) ("We find the reasoning in *Lindaastuty* compelling and conclude, consistent with *Lindaastuty*, that since [petitioner] has been removed 'and is, therefore, no longer in custody, the challenge to h[is] detention is moot and the habeas petition must be dismissed.'"

The case or controversy requirement of Article III, §2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477–78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing

existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488 (1974)).

"[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." Lane v. Williams, 455 U.S. 624, 631 (1982). In the context of federal habeas petitions brought by immigration detainees, it is well-settled that administrative action by immigration officials addressing the concerns raised by an alien's petition renders that petition moot. Burke v. Gonzales, 143 Fed. Appx. 474 (3d Cir. 2005); Gopaul v. McElroy, 115 Fed. Appx. 530 (3d Cir. 2004). Thus, for example, the deportation of an alien frequently makes an immigration habeas petition moot. See Lindaastuty v. Attorney General, 186 Fed. Appx. 294 (3d Cir. 2006); Audain, supra.

In the instant case, because Mkomwa has been removed from the

United States and he is no longer ICE custody, his request for release from ICE custody pending his removal is entirely moot, and the dismissal of his petition as moot is appropriate.


## IV.    Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. §2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a §2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264–65 (3d Cir. 2000)(en banc) (certificate of appealability not required to appeal from denial of §2241 petition), *abrogated on other grounds by* Gonzalez v. Thaler, ——U.S. ——, ——, 132 S.Ct. 641, 649, 181 L.Ed.2d 619 (2012); Kornegay v. Ebbert, 502 Fed.Appx. 131, 133 (3d Cir. 2012). Thus, the court need not address this issue in the current action.

## V.    CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus, (Doc. 1), is **DISMISSED AS MOOT**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: May 12, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-0317-01.wpd

7